

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable O.J.S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-2569
Re: May a district court, under the
stated facts, order a credit of
jail time from the date of sen-
tence to the date of issuance of
the mandate following an affirm-
ance of the conviction by the
Court of Criminal Appeals?

Your letter of recent date requesting a legal opinion
from this department states that one Jep Flannery was convict-
ed of the offense of rape and given a 20 year sentence in the
district court of Van Zandt County and was sentenced on the
29th day of September, 1937; that this defendant was arrested
on the 10th day of May, 1937, and remained in jail until the
issuance of the mandate on the 27th day of June, 1938, follow-
ing the affirmance of his conviction by the Court of Criminal
Appeals; that "in a court order dated May 22, 1939, it was
ordered that a credit of jail time dating from the date of
arrest, May 10, 1937, to June 27, 1938 (the date on which the
mandate was issued) be given on this sentence". We assume
that this "court order" was by the district court wherein the
defendant was convicted.

In connection with these facts you propound the fol-
lowing question:

"The question involved is should we credit
this inmate with jail time as ordered from May 10,
1937, the date of arrest, to June 27, 1938, the
date the Mandate was issued; or, should he be
credited with only the time be remained in jail
until the date of sentence, which would be from
May 10, 1937 to September 29, 1937?"

In seeking to give this defendant credit on his sentence
for the time spent in jail from the date of the sentence to the
date of the issuance of the mandate, the judge of the district
court of Van Zandt County, the court in which the defendant was

convicted, exceeded the specific grant of authority found in Article 768 of the Penal Code of Texas which reads in part as follows:

"* * * provided, that in all criminal cases the judge of the court in which the defendant was convicted may, within his discretion, give the defendant credit on his sentence for the time or any part thereof which said defendant has spent in jail in said cause since his arrest and confinement until his sentence by the trial court." (Emphasis ours.)

The judge of the court in which a defendant is convicted is not authorized by the statutes to give credit to a defendant on his sentence for any time spent in jail after his sentence by the trial court and during the time of the pendence of his appeal to the Court of Criminal Appeals of Texas. It is recognized, of course, that the power to grant pardons, paroles or commutations of sentence rests only in the Governor upon recommendation of the Board of Pardons and Paroles.

Accordingly, you are respectfully advised that the subject of your inquiry may not be credited with jail time from the 29th day of September, 1937, the date of his sentence, to the 27th day of June, 1938, the date of the issuance of the mandate upon the affirmance of his conviction by the Court of Criminal Appeals.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Zollie C. Steakley
Zollie C. Steakley
Assistant

ZCS:ob:wc

APPROVED AUG 8, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL